IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| HARTFORD COMPUTER HARDWARE, INC., et al.,[1] | ) ) ) | Case No. 11-49744 (PSH) |
| | ) | (Jointly Administered) |
| Debtors. | ) ) | Hon. Pamela S. Hollis |

**FINAL ORDER (I) PROHIBITING UTILITIES
FROM ALTERING, REFUSING, OR DISCONTINUING SERVICES TO, OR
DISCRIMINATING AGAINST, THE DEBTORS; (II) DETERMINING THAT THE
UTILITIES ARE ADEQUATELY ASSURED OF FUTURE PAYMENT; (III)
ESTABLISHING PROCEDURES FOR DETERMINING REQUESTS FOR
ADDITIONAL ASSURANCE; AND (IV) PERMITTING UTILITY
COMPANIES TO OPT OUT OF THE PROCEDURES ESTABLISHED HEREIN**

This matter coming before the Court on the Motion of the Debtors for Interim and Final Orders: (I) Prohibiting Utilities from Altering, Refusing or Discontinuing Services to, or Discriminating Against the Debtors; (II) Determining That the Utilities are Adequately Assured of Future Payment; (III) Establishing Procedures for Determining Requests for Additional Assurance; and (IV) Permitting Utility Companies to Opt Out of the Procedures Established Herein (the "Motion")[2]; the Court having reviewed the Motion and the Declaration in Support of First Day Relief; the Court having found that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) venue is proper in this district pursuant to 28 U.S.C. § 1408 and 1409, (c) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (d) the Court having entered in the Interim Order on the Motion on December 15, 2011 (the "Interim Order"), (e) notice of the Motion having been sufficient under the circumstances; and the Court having

---

[1] The Debtors are Hartford Computer Hardware, Inc. (FEIN 27-4297525), Nexicore Services, LLC (FEIN 03-0489686), Hartford Computer Group, Inc. (FEIN 36-2973523), and Hartford Computer Government, Inc (FEIN 20-0845960).

[2] Capitalized terms not defined herein shall have the meaning given to them in the Motion.

determined that the legal and factual basis set forth in the Motion establish just cause for the relief granted herein;

IT IS HEREBY ORDERED as follows:

1. The Motion is GRANTED.

2. All objections to the Motion or the relief requested therein that have not been made, withdrawn, waived, or settled, and all reservations of rights included therein, hereby are overruled on the merits.

3. Notice of the Motion was proper, timely, adequate and sufficient under the particular circumstances.

4. Subject to the procedures described in the Interim Order, no Utility Company may (a) alter, refuse, terminate, or discontinue utility services to, and/or discriminate against, the Debtors on the basis of the commencement of these chapter 11 cases or on account of outstanding prepetition invoices or (b) require additional assurance of payment, other than the Proposed Adequate Assurance, as a condition to the Debtors receiving such utility services.

5. All Utility Companies shall be deemed to have waived any right to seek adequate assurance in addition to any Adequate Assurance they were granted under the Interim Order.

6. Any Adequate Assurance Deposit provided to any Utility Company shall be returned to the Debtors at the conclusion of these chapter 11 cases, if not returned or applied earlier.

7. All Utility Companies are hereby deemed to have been provided adequate assurance of payment under section 366 of the Bankruptcy Code unless and until: (a) the Debtors, in their discretion, agree to (i) any additional assurance request or (ii) an alternative assurance of payment with the Utility Company; or (b) this Court enters an order otherwise.

8. Nothing herein constitutes a finding that any entity is or is not a Utility Company hereunder or under section 366 of the Bankruptcy Code, whether or not such entity is listed on the Utility Service List.

9. The Debtors shall serve a copy of this Order on each Utility Company listed on the Utility Service List within two business days of the date this Order is entered.

10. The terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

11. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this order.

Dated: JAN 2 6 2012 , 2012          UNITED STATES BANKRUPTCY JUDGE

60948039