IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HARTFORD COMPUTER HARDWARE, | ) | Case No. 11-49744 (PSH) |
| INC., et al.,[1] | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Hon. Pamela S. Hollis |

**SECOND INTERIM AND FINAL FEE APPLICATION OF KATTEN MUCHIN
ROSENMAN LLP, COUNSEL TO THE DEBTORS, FOR ALLOWANCE
OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE
<u>PERIOD FROM DECEMBER 12, 2011 TO NOVEMBER 14, 2012</u>**

Name of Applicant:                                    KATTEN MUCHIN ROSENMAN LLP

Authorized to Provide Professional
Services to:                                          Hartford Computer Hardware, Inc., Nexicore
                                                      Services, LLC, Hartford Computer Group, Inc. and
                                                      Hartford Computer Government, Inc.

Date of Retention:                                    January 12, 2012 *nunc pro tunc* to December 12,
                                                      2011

Total case fees requested for final approval:         $1,335,215.50

Total case expenses requested for final approval:     $11,839.49

Second interim period for additional
compensation and reimbursement:                       May 1, 2012 to November 14, 2012

Amount of fees requested as actual, reasonable
and necessary during second interim period:           $558,419.00

Amount of expenses sought as actual, reasonable
and necessary during second interim period:           $2,813.63

---

[1] The Debtors are Hartford Computer Hardware, Inc. (FEIN 27-4297525), Old NS, LLC f/k/a Nexicore Services, LLC (FEIN 03-0489686), Hartford Computer Group, Inc. (FEIN 36-2973523), and Hartford Computer Government, Inc (FEIN 20-0845960).

1

Prior Monthly Applications:

| Time Period | Fees Requested | Expenses Requested |
|---|---|---|
| December 12, 2011 to December 31, 2011 | $58,897.80 (90% of $65,442.00) | $1,158.28 |
| January 1, 2012 to January 31, 2012 | $138,795.30 (90% of $154,217.00) | $1,523.21 |
| February 1, 2012 to February 29, 2012 | $136,345.05 (90% of $151,494.50) | $776.01 |
| March 1, 2012 to March 31, 2012 | $224,682.75 (90% of $249,647.50) | $4,044.66 |
| April 1, 2012 to April 30, 2012 | $143,324.10 (90% of $159,249.00) | $1,887.87 |
| May 1, 2012 to May 31, 2011 | $87,075.45 (90% of $96,750.50) | $437.39 |
| June 1, 2012 to June 30, 2012 | $98,784.00 (90% of $109,760.00) | $765.10 |
| July 1, 2012 to July 31, 2012 | $59,910.30 (90% of $66,567.00) | $359.89 |
| August 1, 2012 to August 31, 2012 | $93,570.75 (90% of $103,967.50) | $363.10 |
| September 1, 2012 to September 30, 2012 | $98,316.00 (90% of $109,241.00) | $647.80 |
| October 1, 2012 to October 31, 2012 | $49,339.35 (90% of $54,821.50) | $154.97 |

November 1 to November 14, 2012[2]:   Fees Requested: $17,311.50
                                                                    Expenses Requested: $85.38

Prior Interim Applications:   First Interim Fee Application
                                              December 12, 2011 to April 30, 2012
                                              Fees: $774,848.50
                                              Expenses: $6,696.83

                                              Supplement to First Interim Fee Application
                                              December 12, 2011 to April 30, 2012
                                              Fees: $1,948.00
                                              Expenses: $2,329.03

Amounts Previously Paid:   Fees: $1,263,795.35
                                            Expenses: $11,754.11

This is a:                                  __ monthly ____ interim __X_ final application.

---

[2] No monthly fee application was sent out for fees and expenses incurred in November 2012 because Debtors' plan went effective on November 14, 2012.

2

Blended Hourly Rate (excluding paralegal
and other professional time):             $474.58

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HARTFORD COMPUTER HARDWARE, | ) | Case No. 11-49744 (PSH) |
| INC., et al.,[1] | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Hon. Pamela S. Hollis |

**SECOND INTERIM AND FINAL FEE APPLICATION OF KATTEN MUCHIN
ROSENMAN LLP, COUNSEL TO THE DEBTORS, FOR ALLOWANCE
OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE
PERIOD FROM MAY 1, 2012 TO NOVMEBER 14, 2012**

Katten Muchin Rosenman LLP ("Katten"), counsel to the above-captioned debtors (the "Debtors") in the chapter 11 cases, hereby submits its Second Interim and Final Fee Application (the "Final Application") for (i) allowance and payment on an interim basis of compensation totaling $558,419.00 for services rendered and $2,813.63 for costs incurred for the interim period of May 1, 2012 through November 14, 2012; and (ii) allowance and payment on a final basis of compensation totaling $1,335,215.50 for services rendered and $11,839.49 for costs incurred for the final period of December 12, 2011 through November 14, 2012. In support of the Final Application, Katten respectfully represents as follows:

INTRODUCTION

1. On December 12, 2011, each of the Debtors filed a voluntary petition for relief with this Court under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"). The petitions initiated bankruptcy cases: *In re Hartford Computer Hardware, Inc.* (Case No. 11-49744), *In re Hartford Computer Group, Inc.* (Case No. 11-

---

[1] The Debtors are Hartford Computer Hardware, Inc. (FEIN 27-4297525), Old NS, LLC f/k/a Nexicore Services, LLC (FEIN 03-0489686), Hartford Computer Group, Inc. (FEIN 36-2973523), and Hartford Computer Government, Inc (FEIN 20-0845960).

1

49750), *In re Nexicore Services, LLC* (Case No. 11-49754) and *In re Hartford Computer Government, Inc.* (Case No. 11-49752) (collectively, these "Chapter 11 Cases"). These Chapter 11 Cases are being jointly administered under Case No. 11-49744.

2.   The Debtors operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.   On December 28, 2011, the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to 11 U.S.C. § 1102(a)(1). No trustee or examiner has been appointed in these cases.

4.   On January 12, 2012, this Court entered an order (the "Katten Retention Order") authorizing the Debtors to retain Katten, *nunc pro tunc* to December 12, 2011, to serve as counsel to the Debtors in these proceedings.

5.   Pursuant to the Katten Retention Order, all legal fees and related costs incurred by the Debtors on account of services rendered by Katten in these cases shall be paid as administrative expenses of the estate in accordance with the applicable provisions of the interim and/or final financing orders and other applicable orders entered in these cases. Katten will charge the Debtors for its legal services on an hourly basis, billed in tenths of hours, in accordance with its ordinary and customary hourly rates in effect on the date that such services are rendered. As of December 1, 2012, Katten was holding a retainer in the amount of $177,089.

## CASE STATUS

6.   On April 2, 2012, the Debtors closed the transaction for the sale of substantially all of the assets of Debtors Hartford Computer Group, Inc. and Nexicore Services, LLC to Avnet, Inc. and Avnet International (Canada) Ltd. (together, "Purchaser"). Following the closing of the sale, all of the Debtors' employees became employees of the Purchaser.

7. On April 12, 2012, this Court entered an order appointing Steven Nerger as chief restructuring officer (the "CRO") of the Debtors *nunc pro tunc* to April 3, 2012.

8. On September 25, 2012, this Court entered an order confirming the Debtors' and Creditors' Committee's Joint Plan of Liquidation [Doc. No. 512].

9. On November 15, 2012, the Debtors filed the Notice of Effective Date of First Amended Plan of Liquidation [Doc. No. 556], noting that the Plan went effective as of November 14, 2012.

10. As of November 14, 2012, the Debtors report as follows:

   (A) All quarterly fees have been paid to the United States Trustee in this case.

   (B) All monthly operating reports as of November 14, 2012 have been filed with the Court. Debtors are currently preparing their monthly reports for November 2012.

   (C) The Debtors have $1,746,121 of cash on hand.

   (D) The Debtors paid all administrative expense claims in the total amount of approximately $275,000.

   (E) The Debtors believe that there are no unencumbered funds in the estates at this time.

## FEE APPLICATION PROCEDURES

11. On January 26, 2012, this Court entered an Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals (the "Interim Fee Order"). Pursuant to the Interim Fee Order, each professional serves monthly fee statements for compensation and reimbursement of its expenses incurred each month (the "Monthly Statements"). For each four month interval beginning January 31, 2011, professionals may seek approval of the compensation and expenses in its Monthly Statements by filing interim applications (the "Interim Statements") for compensation with this Court. The Interim Statements are to be served on: (i) the Office of the United States Trustee, United States Trustee

3

Patrick S. Layng, 219 S. Dearborn St. Room 873, Chicago, Illinois, 60604, Attn: Denise DeLaurent, Esq.; (ii) counsel to the Debtors, Katten Muchin Rosenman LLP, 525 W. Monroe Street, Chicago, Illinois, 60661, Attn: John P. Sieger, Esq.; (iii) counsel to the Debtors' prepetition secured lender and proposed post-petition secured lender, Delaware Street Capital Master Fund, L.P.; (iv) counsel to any Committee appointed in the Debtors' cases; (v) all parties who have filed a notice of appearance with the clerk of court, and (vi) all creditors listed on the Debtors' creditor matrix.

12. All Interim Statements shall comply with the timekeeping and detail requirements of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Local Bankruptcy Rules of this Court (the "Local Rules"), the United States Trustee Fee Guidelines - Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 (Appendix A to 28 C.F.R. § 58) (the "U.S. Trustee Fee Guidelines") and other applicable law.

13. Pursuant to the Interim Fee Order and section 331 of the Bankruptcy Code, 11 U.S.C. § 331, Katten makes this Final Application for (i) allowance and payment on an interim basis of compensation totaling $558,419.00 for services rendered and $2,813.63 for costs incurred for the interim period of May 1, 2012 through November 14, 2012; and (ii) allowance and payment on a final basis of compensation totaling $1,335,215.50 for services rendered and $11,839.49 for costs incurred for the final period of December 12, 2011 through November 14, 2012.

14. The CRO has been provided with a copy of this Application and has approved the amounts requested herein.

### SERVICES PROVIDED

15. Attached hereto as Exhibit "A" is the Affidavit of Katten with respect to the compensation requested.

4

16. As further detailed in the invoices attached hereto as Exhibit "B," Katten requests compensation for the professionals and paraprofessionals who have provided services to the Debtors during the Second Interim Period. In compliance with the Interim Fee Order, the detailed itemizations contain contemporaneously maintained time entries for each individual in increments of tenths (1/10) of an hour.

17. A summary of the professionals and paraprofessionals who have provided services to the Debtors during the First Interim Period, Second Interim Period, and the entirety of this case is attached hereto as Exhibit "C".

18. A summary of the categories of services performed by Katten during the First Interim Period, Second Interim Period, and the entirety of this case is attached hereto as Exhibit "D".

19. Exhibit B attached hereto includes details itemizations of all services performed by Katten for the Debtors during the Second Interim Period in each project category.

20. Katten serves as counsel to the Debtors as set forth in the Katten Retention Order. The compensation sought herein is the same as that customarily charged to non-bankruptcy clients of Katten.

## SUMMARY OF SERVICES RENDERED

21. <u>Tax Matters</u>: Katten (i) reviewed, analyzed, and addressed tax issues associated with claims asserted by various state taxing authorities, the Canadian Revenue Agency, and Revenue Quebec; (ii) reviewed and analyzed post-bar date and amended tax claims; (iii) conferenced with various state and Canadian taxing authorities regarding their claims; (iv) drafted letters, stipulations, and objections to various taxing authorities regarding their claims for business income and sale tax; (v) resolved issues regarding the payment of Canadian transfer

taxes and release of escrows; (vi) researched issues regarding open Canadian tax claim issues, including Quebec sales tax issues; and (vii) finalized payment of U.S. tax claims pursuant to the Plan. Katten spent 71.5 hours of attorney time on the foregoing services during the Second Interim Period, as are more fully described in Exhibit B, and such services have a value of $33,656.00 for which Katten is seeking compensation. In total, since the Petition Date, Katten spent 81.1 hours of attorney time and such services have a value of $39,160.00.

| Name of Professional | First Interim Hours | First Interim Compensation | Second Interim Hours | Second Interim Compensation | Final Hours | Final Compensation |
|---|---|---|---|---|---|---|
| Famparska, Valentina | 5.5 | $3,172.50 | 0 | $0 | 5.5 | $3,172.50 |
| Hubenschmidt, Matthew J. | 1.4 | $959.00 | 0 | $0 | 1.4 | $959.00 |
| Musser, Paul T. | 0 | $0 | 34.7 | $11,798.00 | 34.7 | $11,798.00 |
| Siddiqui, Peter A. | 1.2 | $780.00 | 33.5 | $19,597.50 | 34.7 | $20,377.50 |
| Sieger, John P. | 1.5 | $592.50 | 3.3 | $2,260.50 | 4.8 | $2,853.00 |

22.  **Fee and Retention Applications**: Katten prepared and addressed issues related to (i) monthly, interim, and final fee applications for itself; (ii) monthly, interim, and final fee applications for Debtors' general counsel in the Canadian proceeding; (iii) monthly, interim, and final fee applications for Debtors' tax counsel in the Canadian proceedings; (iv) monthly fee applications and employment disclosures for the CRO; (v) payment of the Debtors' Information Officer in the Canadian proceeding; (vi) final fee application for contract attorneys employed to assist the Debtors; (vii) application to employ accountants as ordinary course professionals; (viii) expense reports submitted by KCC; and (ix) the Committee's professional fees, including carve out issues. Katten spent 92.1 hours of attorney time on the foregoing services during the Second Interim Period, as are more fully described in Exhibit B, and such services have a value of $44,008.00 for which Katten is seeking compensation. In total, since the Petition Date, Katten spent 192.1 hours of attorney time and such services have a value of $98,034.50.

| Name of Professional | First Interim Hours | First Interim Compensation | Second Interim Hours | Second Interim Compensation | Final Hours | Final Compensation |
|---|---|---|---|---|---|---|
| Avraham, David E. | 0 | $0 | 1.8 | $558.00 | 1.8 | $558.00 |
| Barr, Paige. E. | 66.2 | $32,350.00 | 56.5 | $28,250.00 | 122.7 | $60,600.00 |
| Musser, Paul T. | 0 | $0 | 21.4 | $7,276.00 | 21.4 | $7,276.00 |
| Siddiqui, Peter A. | 14.3 | $8,352.00 | 5.7 | $3,334.50 | 20.0 | $11,686.50 |
| Sieger, John P. | 19.5 | $13,414.50 | 6.7 | $4,589.50 | 26.2 | $18,004.00 |

23. <u>Hearings</u>: Katten prepared for and attended hearings on the: (i) approval of its stipulation with Tapo Canyon, one of the Debtors' former landlords; (ii) stipulation with one of the Debtors' vendors; (iii) fee applications; (iv) disclosure statement; (v) omnibus claims authorization; (vi) claim objections; (vii) motion in limine related to the confirmation hearing and plan confirmation; (viii) confirmation hearing (viii) use of cash collateral; (ix) Wells Fargo's motion for stay relief; (x) Debtors' post-confirmation status; and (xi) motion to approve settlement regarding Sony claim. Katten spent 28.4 hours of attorney time on the foregoing services during the Second Interim Period, as are more fully described in Exhibit B, and such services have a value of $15,948.00 for which Katten is seeking compensation. In total, since the Petition Date, Katten spent 95.7 hours of attorney time and such services have a value of $54,180.00.

| Name of Professional | First Interim Hours | First Interim Compensation | Second Interim Hours | Second Interim Compensation | Final Hours | Final Compensation |
|---|---|---|---|---|---|---|
| Barr, Paige E. | 12.2 | $5,680.00 | 5.1 | $2,550.00 | 17.3 | $8,230.00 |
| Boldt, Andrew C. | 1.3 | $689.00 | 0 | $0 | 1.3 | $689.00 |
| Crockett, Johnny B. | 0.4 | $46.00 | 0 | $0 | 0.4 | $46.00 |
| Gadharf, Joshua A. | 1.2 | $516.00 | 0 | $0 | 1.2 | $516.00 |
| Muniz, Francisco | 0.3 | $33.00 | 0 | $0 | 0.3 | $33.00 |
| Musser, Paul T. | 0 | $0 | 2.5 | $850.00 | 2.5 | $850.00 |
| Pierce, Eric | 0.3 | $33.00 | 0 | $0 | 0.3 | $33.00 |
| Siddiqui, Peter A. | 33.4 | $18,854.00 | 17.0 | $9,945.00 | 50.4 | $28,799.00 |
| Sieger, John P. | 18.2 | $12,380.00 | 3.8 | $2,603.00 | 22.0 | $14,983.00 |

24. <u>Case Administration</u>: Katten (i) addressed questions from creditors regarding deadlines, procedures, post-petition claims, and plan treatment and timing; (ii) assisted the

Debtors in preparing their monthly operating reports; (iii) prepared Debtors' motion to set bar dates for claims; (iv) reviewed and analyzed claims filed against the Debtors, prepared objections to certain claims, and reviewed responses to claim objections; (v) addressed issues related to Debtors' open insurance policies; (vi) addressed issues related to director and board members; (vii) corresponded with former employees and creditors regarding issues arising the case and drafted reply in support of omnibus claims objection; (viii) researched jurisdictional issues regarding the Sony claim; (ix) addressed issues regarding the Debtors' Canadian proceeding, including the recognition of the confirmation order, closure of the recognition proceedings, and the drafting of the factum portion; (x) prepared claim payment list; (xi) addressed open administrative expense claims and their satisfaction; (xii) corresponded with the CRO regarding bank account maintenance and other transfers associated with the effective date; (xiii) addressed and organized all pre-effective-date and ancillary-proceeding closing matters; and (xiv) corresponded with U.S. Trustee's office regarding fees. Katten spent 65.8 hours of attorney time on the foregoing services during the Second Interim Period, as are more fully described in Exhibit B, and such services have a value of $36,883.00 for which Katten is seeking compensation. In total, since the Petition Date, Katten spent 316.3 hours of attorney time and such services have a value of $170,228.50.

| Name of Professional | First Interim Hours | First Interim Compensation | Second Interim Hours | Second Interim Compensation | Final Hours | Final Compensation |
|---|---|---|---|---|---|---|
| Barr, Paige E. | 129.5 | $64,245.00 | 14.7 | $7,350.00 | 144.2 | $71,595.00 |
| Boldt, Andrew | 1.3 | $637.00 | 0 | $0 | 1.3 | $637.00 |
| Gadharf, Josh | 5.7 | $2,451.00 | 0 | $0 | 5.7 | $2,451.00 |
| Hoelting, Kari E. | 2.1 | $836.00 | 0 | $0 | 2.1 | $836.00 |
| Hoffman, Suzanne | 0.4 | $114.00 | 0.2 | $57.00 | 0.6 | $171.00 |
| Lombardo, Stephen | 0.7 | $389.00 | 0 | $0 | 0.7 | $389.00 |
| Marana, Debbie D. | 17.5 | $4,112.50 | 0 | $0 | 17.5 | $4,112.50 |
| Muniz, Francisco | 0.3 | $34.50 | 0 | $0 | 0.3 | $34.50 |
| Musser, Paul T. | 0 | $0 | 12.9 | $4,386.00 | 12.9 | $4,386.00 |
| Siddiqui, Peter A. | 27.7 | $15,961.00 | 9.4 | $5,499.00 | 37.1 | $21,460.00 |
| Sieger, John P. | 64.6 | $44,130.00 | 28.6 | $19,591.00 | 93.2 | $63,721.00 |

| Waryjas, Maryann A. | 0.6 | $435.00 | 0 | $0 | 0.6 | $435.00 |

25. <u>Employee Matters</u>: Katten (i) addressed issues regarding the Debtors' terminated employees, including trailing employee claims, Canadian severance claims, paid time off claims, and issues related to bonuses received by employees; (ii) prepared objections and omnibus objection to excessive and otherwise improper employee claims; (iii) reviewed informal responses to claim objections; (iv) conferenced with certain employees regarding the payment of priority claims; (v) reviewed issues regarding employee turnover and its potential effect on the effective date payments; and (vi) reviewed schedules of the allowed priority claims and related correspondences regarding the effective date disbursement in the United States and Canada. Katten spent $36.4^2$ hours of attorney time on the foregoing services during the Second Interim Period, as are more fully described in Exhibit B, and such services have a value of $20,102.00 for which Katten is seeking compensation. In total, since the Petition Date, Katten spent 59.3 hours of attorney time and such services have a value of $33,974.50.

| Name of Professional | First Interim Hours | First Interim Compensation | Second Interim Hours | Second Interim Compensation | Final Hours | Final Compensation |
|---|---|---|---|---|---|---|
| Barr, Paige E. | 0 | $0 | 10.6 | $5,300.00 | 10.6 | $5,300.00 |
| Gecker, James M. | 0.2 | $117.00 | 0 | $0 | 0.2 | $117.00 |
| Gottshall, Julie L. | 1.0 | $575.00 | 0 | $0 | 1.0 | $575.00 |
| Lange, Daniel B. | 2.0 | $1,242.00 | 0 | $0 | 2.0 | $1,242.00 |
| Mironer, Merrill | 0.3 | $223.50 | 0 | $0 | 0.3 | $223.50 |
| Musser, Paul T. | 0 | $0 | 3.8 | $1,292.00 | 3.8 | $1,292.00 |
| Siddiqui, Peter A. | 15.3 | $8,914.50 | 15.6 | $9,126.00 | 30.9 | $18,040.50 |
| Sieger, John P. | 4.1 | $2,800.50 | 6.4 | $4,384.00 | 10.5 | $7,184.50 |

26. <u>Stay Relief Matters</u>: Katten reviewed and analyzed Wells Fargo's motion for relief from stay and conferenced with Wells Fargo's attorney regarding the agreed stay relief order. Katten spent 2.5 hours of attorney time on the foregoing services during the Second

---

[2] The June Monthly Application incorrectly listed a total of 9.4 hours billed for Peter A. Siddiqui. However, the invoices reflected the correct number, 7.2 hours, and the application requested the correct total compensation for this category.

9

Interim Period, as are more fully described in Exhibit B, and such services have a value of $1,475.50[3] for which Katten is seeking compensation. In total, since the Petition Date, Katten spent 5.9 hours of attorney time and such services have a value of $3,566.00.

| Name of Professional | First Interim Hours | First Interim Compensation | Second Interim Hours | Second Interim Compensation | Final Hours | Final Compensation |
|---|---|---|---|---|---|---|
| Barr, Paige E. | 0 | $0 | 0.2 | $100.00 | 0.2 | $100.00 |
| Siddiqui, Peter A. | 1.9 | $1,071.00 | 2.0 | $1,170.00 | 3.9 | $2,241.00 |
| Sieger, John P. | 1.5 | $1,019.50 | 0.3 | $205.50 | 1.8 | $1,225.00 |

27. <u>Asset Analysis, Sales and Recovery</u>: Katten addressed (i) post-closing sale issues regarding the payment of the purchase price, handling of bank accounts, working capital adjustment, post-closing deliveries, obligations and claims of certain creditors relating to the sale; (ii) the winding-up of the board and trailing post-sale claims; (iii) the Canadian Revenue Authority's assessment of the 116 Certificate and release of escrow funds; (iv) recovery of deposits from creditors; (v) the recovery of assets; and (vi) issues regarding year end audit associated with earn out collection. Katten spent 59.6 hours of attorney time on the foregoing services during the Second Interim Period, as are more fully described in Exhibit B, and such services have a value of $36,790.50 for which Katten is seeking compensation. In total, since the Petition Date, Katten spent 371.8 hours of attorney time and such services have a value of $213,231.00.

| Name of Professional | First Interim Hours | First Interim Compensation | Second Interim Hours | Second Interim Compensation | Final Hours | Final Compensation |
|---|---|---|---|---|---|---|
| Anderson, James | 0 | $0 | 0.6 | $288.00 | 0.6 | $288.00 |
| Barr, Paige E. | 11.0 | $5,500.00 | 0 | $0 | 11.0 | $5,500.00 |
| Hoelting, Kari E. | 62.9 | $25,489.00 | 3.3 | $1,353.00 | 66.2 | $26,842.00 |
| Hoffman, Suzanne | 2.3 | $655.00 | 0 | $0 | 2.3 | $655.00 |
| Lombardo, Stephen | 59.3 | $33,151.00 | 5.8 | $3,248.00 | 65.1 | $36,399.00 |
| Retzer, Susan A. | 0.5 | $115.00 | 0 | $0 | 0.5 | $115.00 |

---

[3] The October Monthly Application incorrectly listed the total compensation for Peter A. Siddiqui as $1,071.00. However, the invoices reflected the correct amount, $1,170, and the application requested the correct total compensation for this category.

| Siddiqui, Peter A. | 90.1 | $52,591.00 | 22.8 | $13,338.00 | 112.9 | $65,929.00 |
|---|---|---|---|---|---|---|
| Sieger, John P. | 86.1 | $58,938.50 | 27.1 | $18,563.50 | 113.2 | $77,502.00 |

28. <u>Executory Contracts and Lease Matters</u>: Katten addressed issues related to the (i) assumption and assignment of executory contracts; (ii) cure amounts and notices associated therewith; (iii) resolution of cure amounts with creditors and setoff claims; (iv) letter of credit issues and draw requests; (v) reconciliation of prepetition and post-petition claims regarding one of Debtor's former vendors; (vi) dispute involving the Sony claim and the settlement thereof; and (vii) return of deposits of certain creditors. Katten spent 101.2 hours of attorney time on the foregoing services during the Second Interim Period, as are more fully described in Exhibit B, and such services have a value of $62,503.50 for which Katten is seeking compensation. In total, since the Petition Date, Katten spent 185.6 hours of attorney time and such services have a value of $112,500.

| Name of Professional | First Interim Hours | First Interim Compensation | Second Interim Hours | Second Interim Compensation | Final Hours | Final Compensation |
|---|---|---|---|---|---|---|
| Barr, Paige E. | 21.7 | $10,800.00 | 1.2 | $600.00 | 22.9 | $11,400.00 |
| Musser, Paul T. | 0 | $0 | 1.7 | $578.00 | 1.7 | $578.00 |
| Siddiqui, Peter A. | 35.9 | $20,866.50 | 60.1 | $35,158.50 | 96.0 | $56,025.00 |
| Sieger, John P. | 26.8 | $18,330.00 | 38.2 | $26,167.00 | 65.0 | $44,497.00 |

29. <u>Disclosure Statement/Plan/Confirmation Matters</u>: Katten (i) negotiated a consensual plan between the Debtors and the Committee; (ii) drafted a plan, disclosure statement, ballots, and motion to approve the adequacy of the disclosure statement; (iii) reviewed the shareholders' objection to disclosure statement and drafted a response thereto and a reply in support of motion to approve disclosure statement; (iv) reviewed and analyzed filed claims regarding voting procedures, finalized objections to claims for voting purposes, reviewed and analyzed responses to claim objections, and drafted reply in support of omnibus claim objections; (v) drafted an amended disclosure statement and plan; (vi) prepared for the

confirmation hearing, drafted documents related to plan confirmation, including, without limitation, notices regarding solicitation of the plan, a memorandum in support of confirmation, notice of the confirmation hearing, a proposed confirmation order, and declarations in support of plan confirmation; (vii) drafted discovery, witness lists, and a motion in limine for plan confirmation hearing; (viii) reviewed and analyzed the motion to withdraw as counsel for objecting creditors; (ix) attended the confirmation hearing; (x) corresponded with claims agent regarding service of the confirmation order and the effective date of the plan; (xi) analyzed administrative claims for payment and finalized the distribution list for the effective date of the plan; (xii) reviewed, analyzed, and addressed effective-date and post-effective date issues; (xiii) conferenced with the CRO regarding effective date and post-effective date issues, holdback amounts, and related distributions; (xiv) reconciled allowed claims, disputed claims, and all open payables required for the effective date; and (xv) reviewed and revised liquidating trust agreement. Katten spent 368.1 hours of attorney time on the foregoing services during the Second Interim Period, as are more fully described in Exhibit B, and such services have a value of $208,740.00 for which Katten is seeking compensation. In total, since the Petition Date, Katten spent 464.7 hours of time and such services have a value of $267,182.00.

| Name of Professional | First Interim Hours | First Interim Compensation | Second Interim Hours | Second Interim Compensation | Final Hours | Final Compensation |
|---|---|---|---|---|---|---|
| Avraham, David E. | 0 | $0 | 0.4 | $124.00 | 0.4 | $124.00 |
| Barr, Paige E. | 10.9 | $5,450.00 | 122.3 | $61,150.00 | 133.2 | $66,600.00 |
| Musser, Paul T. | 0 | $0 | 21.4 | $7,276.00 | 21.4 | $7,276.00 |
| Siddiqui, Peter A. | 35.6 | $21,146.00 | 132.5 | $77,512.50 | 168.1 | $98,658.50 |
| Sieger, John P. | 33.8 | $23,126.00 | 91.5 | $62,677.50 | 125.3 | $85,803.50 |
| Wool, Andrew L. | 16.3 | $8,720.50 | 0 | $0 | 16.3 | $8,720.50 |

30.    Adversary Proceedings: Katten addressed issues related to the (i) Committee's 2004 exam subpoenas, including the coordination and gathering of documents for production, and the review of the documents for privilege and responsiveness; (ii) settlement discussions

with the Committee, which resulted in a settlement incorporated in the Debtors' plan of liquidation; (iii) preparation of a privilege log for requests documents; (iv) objections to wage, administrative, and tax claims as well as the responses thereto; (v) motion to refer derivative claims to this Court; (vi) motion to dismiss adversary proceeding not referred to this Court; and (vii) avoidance actions and the assignment of such claims. Katten spent 167.3 hours of attorney time on the foregoing services during the Second Interim Period, as are more fully described in Exhibit B, and such services have a value of $82,592.00 for which Katten is seeking compensation. In total, since the Petition Date, Katten spent 579.9 hours of time and such services have a value of $290,326.00.

| Name of Professional | First Interim Hours | First Interim Compensation | Second Interim Hours | Second Interim Compensation | Final Hours | Final Compensation |
|---|---|---|---|---|---|---|
| Barr, Paige E. | 23.9 | $11,950.00 | 6.6 | $3,300.00 | 30.5 | $15,250.00 |
| Boldt, Andrew C. | 168.1 | $89,093.00 | 75.9 | $40,227.00 | 244.0 | $129,320.00 |
| Dalloz, Dawn K. | 1.7 | $416.50 | 0.5 | $122.50 | 2.2 | $539.00 |
| Halverson, Andrea C. | 59.3 | $20,145.00 | 34.8 | $11,832.00 | 94.1 | $31,977.00 |
| Hoffman, Suzanne | 0.6 | $171.00 | 0 | $0 | 0.6 | $171.00 |
| Kaifesh, Damon | 2.0 | $400.00 | 0 | $0 | 2.0 | $400.00 |
| Konrath, Adriane | 4.9 | $1,102.50 | 0 | $0 | 4.9 | $1,102.50 |
| Kraus, William J. | 16.1 | $6,359.50 | 16.8 | $6,636.00 | 32.9 | $12,995.50 |
| Lombardo, Stephen | 0.4 | $224.00 | 0 | $0 | 0.4 | $224.00 |
| Polatsek, Daniel J. | 39.5 | $22,120.00 | 1.0 | $560.00 | 40.5 | $22,680.00 |
| Rossing, Carl | 1.1 | $203.50 | 0.9 | $166.50 | 2.0 | $370.00 |
| Serafin, Robert E. | 1.2 | $450.00 | 0 | $0 | 1.2 | $450.00 |
| Siddiqui, Peter A. | 27.7 | $16,204.50 | 13.5 | $7,897.50 | 41.2 | $24,102.00 |
| Sieger, John P. | 55.1 | $37,735.00 | 17.3 | $11,850.50 | 72.6 | $49,585.50 |
| Warren, Patricia | 2.9 | $870.00 | 0 | $0 | 2.9 | $870.00 |
| Waryjas, Maryann A. | 0.4 | $290.00 | 0 | $0 | 0.4 | $290.00 |

31.    <u>DIP Financing/Cash Collateral</u>: Katten addressed issues related to (i) post-closing debtor-in-possession financing and the related budget; (ii) the motion for use of such cash collateral, including the drafting of the motion, preparation of affidavits, analysis of cash collateral budget, revision of cash collateral order, and preparation for hearing; (iii) sources and uses for effective date transfers pursuant to the plan, cash collateral budget, and administrative and priority claims; (iv) the final collections of deposits; and (v) the final expense items, taxes,

13

and accrued administrative claims in budgets. Katten spent 26.0 hours of attorney time on the foregoing services during the Second Interim Period, as are more fully described in Exhibit B, and such services have a value of $15,720.50 for which Katten is seeking compensation. In total, since the Petition Date, Katten spent 109.2 hours of time and such services have a value of $67,269.00.

| Name of Professional | First Interim Hours | First Interim Compensation | Second Interim Hours | Second Interim Compensation | Final Hours | Final Compensation |
|---|---|---|---|---|---|---|
| AuYeung, Manchit | 4.2 | $2,244.00 | 0 | $0 | 4.2 | $2,244.00 |
| Barr, Paige E. | 3.5 | $1,720.00 | 2.7 | $1,350.00 | 6.2 | $3,070.00 |
| Siddiqui, Peter A. | 39.2 | $22,765.00 | 15.9 | $9,301.50 | 55.1 | $32,066.50 |
| Sieger, John P. | 36.3 | $24,819.50 | 7.4 | $5,069.00 | 43.7 | $29,888.50 |

## EXPENSES INCURRED

32. Katten expended the sum of $2,813.63 for reasonable and necessary expenses in connection with its representation of the Debtors in the Second Interim Period. Overall, Katten expended the sum of $11,839.19 for reasonable and necessary expenses in connection with its representation of the Debtors (the "Expenses").

33. The Expenses arise from the following amounts expended by Katten on behalf of the Debtors:

| Expense | First Interim Amount | Second Interim Amount | Final Amount |
|---|---|---|---|
| Courier | $684.14 | $441.95 | $1,126.09 |
| Document Imaging | $54.60 | $10.80 | $65.40 |
| Court Costs | $96.96 | $24.60 | $121.56 |
| Court Reporter Fees | $376.00 | $0 | $376.00 |
| CT Corporation (Debtor's Name Change) | $0 | $640.65 | $640.65 |
| Federal Express Shipping | $160.00 | $0 | $160.00 |
| Filing Fees | $444.60 | $0 | $444.60 |
| Legal Research | $2,051.19 | $707.85 | $2,759.04 |
| Local Transportation | $88.00 | $116.00 | $204.00 |
| PACER | $0 | $55.30 | $55.30 |

14

| Expense | First Interim Amount | Second Interim Amount | Final Amount |
|---|---|---|---|
| Photocopy Costs (@ 0.10 per page or less) | $1,277.14 | $749.30 | $2,026.44 |
| Postage | $19.58 | $35.30 | $54.88 |
| Telephone | $74.10 | $31.88 | $105.98 |
| Travel (Out of Town) | $3,699.25 | $0 | $3,699.25 |
| **Total:** | **$9,025.56** | **$2,813.63** | **$11,839.19** |

34. The Expenses are reasonable, economical, actual and necessary. The Expenses are those customarily charged to non-bankruptcy clients of Katten or, as to photocopying and selected other charges, are discounted from those expenses customarily charged to Katten's clients. Legal research is conducted through Westlaw and charges incurred as a result of such legal research are passed through and billed on a per use basis to Katten's client for which the research was performed. During the fee period, Katten researched the following topics: standards regarding omnibus objections and objections to disclosure statements, equitable subordination, jurisdictional issues regarding the Sony claim, and plan confirmation issues. Legal research charges are not part of Katten's overhead expenses, and Katten does not recognize a profit from them.

WHEREFORE, Katten Muchin Rosenman LLP respectfully requests that this Court enters an order for (i) allowance and payment on an interim basis of compensation totaling $558,419.00 for services rendered and $2,813.63 for costs incurred for the interim period of May 1, 2012 through November 14, 2012; and (ii) allowance and payment on a final basis of compensation totaling $1,335,215.50 for services rendered and $11,839.49 for costs incurred for the final period of December 12, 2011 through November 14, 2012.

Dated: December 14, 2012                    Respectfully submitted,

                                            KATTEN MUCHIN ROSENMAN LLP

                                            By: /s/ John P. Sieger

15

John P. Sieger (ARDC No. 6240033)
Peter A. Siddiqui (ARDC No. 6278445)
Paige E. Barr (ARDC No. 6282474)
Paul T. Musser (ARDC No. 6304946)
KATTEN MUCHIN ROSENMAN LLP
525 West Monroe Street
Chicago, Illinois 60661-3693
Telephone: (312) 902-5200
Facsimile: (312) 902-1061
John.Sieger@kattenlaw.com
Peter.Siddiqui@kattenlaw.com
Paige.Barr@kattenlaw.com
Paul.Musser@kattenlaw.com

*Counsel to the Debtors and Debtors in Possession*

16