IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HARTFORD COMPUTER HARDWARE, | ) | Case No. 11-49744 (PSH) |
| INC., *et al.*,[1] | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Hon. Pamela S. Hollis |

**SECOND INTERIM AND FINAL FEE APPLICATION OF THORNTON GROUT
FINNIGAN LLP, AS SPECIAL COUNSEL TO THE DEBTORS, FOR ALLOWANCE
OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE
PERIOD FROM DECEMBER 12, 2011 THROUGH NOVEMBER 14, 2012**

| | |
|---|---|
| Name of Applicant: | THORNTON GROUT FINNIGAN LLP |
| Authorized to Provide Professional Services to: | Hartford Computer Hardware, Inc., Nexicore Services, LLC, Hartford Computer Group, Inc. and Hartford Computer Government, Inc. |
| Date of Retention: | January 26, 2012 *nunc pro tunc* to December 12, 2011 |
| Total case fees requested for final approval: | Cdn$95,671.08 |
| Total case expenses requested for final approval: | Cdn$6,625.65 |
| Second interim period for additional compensation and reimbursement: | May 1, 2012 to November 14, 2012 |
| Amount of fees requested as actual, reasonable and necessary during second interim period: | Cdn$17,783.00 |
| Amount of expenses sought as actual, reasonable and necessary during second interim period: | Cdn$2,927.02 |

---

[1] The Debtors are Hartford Computer Hardware, Inc. (FEIN 27-4297525), Old NS, LLC f/k/a Nexicore Services, LLC (FEIN 03-0489686), Hartford Computer Group, Inc. (FEIN 36-2973523), and Hartford Computer Government, Inc (FEIN 20-0845960).

1

Prior Monthly Applications:

| Time Period | Fees Requested | Expenses Requested |
|---|---|---|
| December 12, 2011 to March 31, 2012 | Cdn$58,200.37 (90% of Cdn$64,667.08) | Cdn$3,341.53 |
| April 1, 2012 to April 30, 2012 | Cdn$11,898.90 (90% of Cdn$13,221.00) | Cdn$357.10 |
| May 1, 2012 to June 30, 2012 | Cdn$3,438.00 (90% of Cdn$3,820.00) | Cdn$629.25 |
| July 1, 2012 to August 31, 2012 | Cdn$1,118.70 (90% of Cdn$1,243.00) | Cdn$25.59 |
| September 1, 2012 to October 31, 2012 | Cdn$11,340.00 (90% of Cdn$12,600.00) | Cdn$2,266.96 |

November 1, 2012 to November 14, 2012[2]   Fees Requested: Cdn$120.00
Expenses Requested: Cdn$19.70

Prior Interim Applications:   First Interim Fee Application
December 12, 2011 to April 30, 2012
Fees Granted: Cdn$77,888.08
Expenses Granted: Cdn$3,698.63

Amounts Previously Paid:   Fees: Cdn$93,784.78
Expenses: Cdn$6,620.43

This is a:   ___ monthly ___ interim _X_ final application.

Blended Hourly Rate (excluding paralegal and other professional time):   Cdn$700.00

---

[2] No monthly fee application was sent out for fees and expenses incurred in November 2012 because Debtors' plan went effective on November 14, 2012.

2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HARTFORD COMPUTER HARDWARE, | ) | Case No. 11-49744 (PSH) |
| INC., et al.,[1] | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Hon. Pamela S. Hollis |

**SECOND INTERIM AND FINAL FEE APPLICATION OF THORNTON GROUT FINNIGAN LLP, AS SPECIAL COUNSEL TO THE DEBTORS, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM DECEMBER 12, 2011 THROUGH NOVMEBER 14, 2012**

Thornton Grout Finnigan LLP ("Thornton" or "Applicant"), special counsel to the above-captioned debtors (the "Debtors") in the chapter 11 cases, hereby submits its Second Interim and Final Fee Application (the "Final Application") for (i) allowance and payment on an interim basis of compensation totaling Cdn$17,783.00 for services rendered and Cdn$2,927.02 for cost incurred for the interim period of May 1, 2012 through November 14, 2012; and (ii) allowance and payment on a final basis of compensation totaling Cdn$95,671.08 for services rendered and Cdn$6,625.65 for costs incurred for the final period of December 12, 2011 through November 14, 2012. In support of the Final Application, Thornton respectfully represents as follows:

## INTRODUCTION

1. On December 12, 2011, each of the Debtors filed a voluntary petition for relief with this Court under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"). The petitions initiated bankruptcy cases: *In re Hartford Computer Hardware, Inc.* (Case No. 11-49744), *In re Hartford Computer Group, Inc.* (Case No. 11-

---

[1] The Debtors are Hartford Computer Hardware, Inc. (FEIN 27-4297525), Old NS, LLC f/k/a Nexicore Services, LLC (FEIN 03-0489686), Hartford Computer Group, Inc. (FEIN 36-2973523), and Hartford Computer Government, Inc (FEIN 20-0845960).

1

49750), *In re Nexicore Services, LLC* (Case No. 11-49754) and *In re Hartford Computer Government, Inc.* (Case No. 11-49752) (collectively, these "Chapter 11 Cases"). These Chapter 11 Cases are being jointly administered under Case No. 11-49744.

2. The Debtors also initiated a proceeding under the Companies' Creditors Arrangement Act in the Ontario Supreme Court of Justice (the "CCAA Proceeding") to recognize certain orders entered in these Chapter 11 Cases. The CCAA Proceeding remains pending at this time.

3. The Debtors operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. On December 28, 2011, the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to 11 U.S.C. § 1102(a)(1). No trustee or examiner has been appointed in these cases.

5. On January 26, 2012, this Court entered an order (the "Retention Order") authorizing the Debtors to retain the Applicant, *nunc pro tunc* to December 12, 2011, to serve as special counsel to the Debtors in these proceedings.

6. On April 12, 2012, this Court entered an order appointing Steven Nerger as chief restructuring officer (the "CRO") of the Debtors *nunc pro tunc* to April 3, 2012.

7. Pursuant to the Retention Order, all legal fees and related costs incurred by the Debtors on account of services rendered by the Applicant in these cases shall be paid as administrative expenses of the estate in accordance with the applicable provisions of the interim and/or final financing orders and other applicable orders entered in these cases. The Applicant will charge the Debtors for its legal services on an hourly basis, billed in tenths of hours, in

accordance with its ordinary and customary hourly rates in effect on the date that such services are rendered. The Applicant is currently holding a retainer in the amount of Cdn$75,930.03.

8. On November 15, 2012, the Debtors filed the Notice of Effective Date of First Amended Plan of Liquidation [Doc. No. 556], noting that the Plan went effective as of November 14, 2012.

## FEE APPLICATION PROCEDURES

9. On January 26, 2012, this Court entered an Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals (the "Interim Fee Order"). Pursuant to the Interim Fee Order, each professional serves monthly fee statements for compensation and reimbursement of its expenses incurred each month (the "Monthly Statements"). For each four month interval beginning January 31, 2011, professionals may seek approval of the compensation and expenses in its Monthly Statements by filing interim applications (the "Interim Statements") for compensation with this Court. The Interim Statements are to be served on: (i) the Office of the United States Trustee, United States Trustee Patrick S. Layng, 219 S. Dearborn St. Room 873, Chicago, Illinois, 60604, Attn: Denise DeLaurent, Esq.; (ii) counsel to the Debtors, Katten Muchin Rosenman LLP, 525 W. Monroe Street, Chicago, Illinois, 60661, Attn: John P. Sieger, Esq.; (iii) counsel to the Debtors' prepetition secured lender and proposed post-petition secured lender, Delaware Street Capital Master Fund, L.P.; (iv) counsel to any Committee appointed in the Debtors' cases; (v) all parties who have filed a notice of appearance with the clerk of court, and (vi) all creditors listed on the Debtors' creditor matrix.

10. All Interim Statements shall comply with the timekeeping and detail requirements of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

the Local Bankruptcy Rules of this Court (the "Local Rules"), the United States Trustee Fee Guidelines - Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 (Appendix A to 28 C.F.R. § 58) (the "U.S. Trustee Fee Guidelines") and other applicable law.

11. Pursuant to the Interim Fee Order and section 331 of the Bankruptcy Code, 11 U.S.C. § 331, Thornton makes this Final Application for the: (i) allowance and payment on an interim basis of compensation totaling Cdn$17,783.00 for services rendered and Cdn$2,927.02 for cost incurred for the interim period of May 1, 2012 through November 14, 2012 (the "Second Interim Period"); and (ii) allowance and payment on a final basis of compensation totaling Cdn$95,671.08 for services rendered and Cdn$6,625.65 for costs incurred for the final period of December 12, 2011 through November 14, 2012.

12. The CRO has been provided with a copy of this Application and has approved the amounts requested herein.

## SERVICES PROVIDED

13. The Applicant is lead counsel to the Debtors in their ancillary Canadian insolvency proceeding.

14. Attached hereto as Exhibit "A" is the Affidavit of the Applicant with respect to the compensation requested.

15. As further detailed in the invoices attached hereto as Exhibit "B," the Applicant requests compensation for the professionals and paraprofessionals who have provided services to the Debtors during the Second Interim Period. In compliance with the Interim Fee Order, the detailed itemizations contain contemporaneously maintained time entries for each individual in increments of tenths (1/10) of an hour.

4

16. A summary of all fees for professionals that provided services to the Debtors is as follows:

| Attorney | First Interim Hours | First Interim Compensation | Second Interim Hours | Second Interim Hourly Rate | Second Interim Compensation | Final Total Hours | Final Total Compensation |
|---|---|---|---|---|---|---|---|
| Porter, John | 30.5 | Cdn$24,400.00 | 2.7 | Cdn$800.00 | Cdn$2,160.00 | 33.2 | Cdn$26,560.00 |
| Moffat, Grant | 0.2 | Cdn$150.00 | 0.0 | Cdn$750.00 | Cdn$0 | 0.2 | Cdn$150.00 |
| Mahar, Kyla | 74.9 | Cdn$44,377.50 | 25.8 | Cdn$600.00 | Cdn$15,480.00 | 100.7 | Cdn$59,857.50 |
| Total | | | | | | | **Cdn$86,567.50** |

17. The Applicant is required to collect and remit an aggregated federal and provincial harmonized sales tax ("HST") on its invoices. The Applicant requested Cdn$143.00 for the HST on fees as a part of the amount of compensation sought as actual, reasonable, and necessary during the Second Interim Period.[2] Overall, the Applicant requested Cdn$9,103.58 for the HST on fees as a part of the amount of compensation sought as actual, reasonable, and necessary.[3]

18. Exhibit "B" attached hereto includes detailed itemizations of all services performed by the Applicant for the Debtors during the Second Interim Period in each project category.

19. The Applicant serves as special counsel to the Debtors as set forth in the Retention Order. The compensation sought herein is the same as that customarily charged to non-bankruptcy clients of the Applicant.

## SUMMARY OF SERVICES RENDERED

---

[2] The Applicant's July through August 2012 Monthly Fee Application included Cdn$143.00 for the HST on fees as a part of the amount of compensation sought as actual, reasonable and necessary. For all other monthly applications during the Second Interim Period, the HST on fees was included as a part of expenses.

[3] The Applicant's First Interim Fee Application included Cdn$8,960.58 for the HST on fees as a part of the amount of compensation sought as actual, reasonable and necessary.

20. Since the Petition Date, the Applicant has performed services for the Debtors on a regular basis. Among other things, the Applicant assisted the Debtors in having their Chapter 11 Cases and numerous of the orders entered therein recognized by the courts of Canada, by preparing all necessary factums and affidavits, appearing before the courts, and advising the Debtors on issues related thereto. The Applicant further advised the Debtors regarding their rights, powers and duties under the Companies' Creditors Arrangement Act as well as under other Canadian law. Applicant's services provided to the Debtors are detailed in Exhibit "B" attached hereto.

## EXPENSES INCURRED

21. The Applicant expended the sum of Cdn$2,927.02 for reasonable and necessary expenses in connection with its representation of the Debtors in the Second Interim Period. Overall, the Applicant expended the sum of Cdn$6,625.65 for reasonable and necessary expenses in connection with its representation of the Debtors (the "Expenses").

22. The Expenses arise from the following amounts expended by the Applicant on behalf of the Debtors:

| Expense | First Interim Amount | Second Interim Amount | Final Amount |
|---|---|---|---|
| Binding | Cdn$75.89 | Cdn$10.65 | Cdn$86.54 |
| Courier | Cdn$391.52 | Cdn$81.51 | Cdn$473.03 |
| Court Fees | Cdn$381.00 | Cdn$0 | Cdn$381.00 |
| Facsimile | Cdn$5.25 | Cdn$0 | Cdn$5.25 |
| Filing of Motion of Record | Cdn$0 | Cdn$127.00 | Cdn$127.00 |
| Legal Research | Cdn$66.04 | Cdn$0 | Cdn$66.04 |
| Meals (Business) | Cdn$15.44 | Cdn$0 | Cdn$15.44 |
| Photocopy Costs (@ 0.10 per page or less) | Cdn$2,223.70 | Cdn$443.75 | Cdn$2,667.45 |
| Telephone | Cdn$106.31 | Cdn$41.64 | Cdn$147.95 |
| Transportation | Cdn$51.80 | Cdn$0 | Cdn$51.80 |

| Expense | First Interim Amount | Second Interim Amount | Final Amount |
|---|---|---|---|
| Sales Taxes | Cdn$381.68 | Cdn$72.27 | Cdn$453.95 |
| HST on Fees[4] | Cdn$0 | Cdn$2,150.20 | Cdn$2,150.20 |
| **Total:** | **Cdn$3,698.63** | **Cdn$2,927.02** | **Cdn$6,625.65** |

23.     The Applicant believes the expenses are reasonable, economical, actual and necessary. The Expenses are those customarily charged to non-bankruptcy clients of the Applicant or, as to photocopying and selected other charges are discounted from those expenses customarily charged to the Applicant's clients. Charges incurred as a result of Applicant's legal research are passed through and billed on a per use basis to the Applicant's client for which the research was performed. Legal research charges are not part of the Applicant's overhead expenses and the Applicant does not recognize a profit from them.

WHEREFORE, Thornton Grout Finnigan LLP respectfully requests that this Court enter an order for the (i) allowance and payment on an interim basis of compensation totaling Cdn$17,783.00 for services rendered and Cdn$2,927.02 for cost incurred for the interim period of May 1, 2012 through November 14, 2012; and (ii) allowance and payment on a final basis of compensation totaling Cdn$95,671.08 for services rendered and Cdn$6,625.65 for costs incurred for the final period of December 12, 2011 through November 14, 2012.

Dated:  December 14, 2012                    Respectfully submitted,

                                             KATTEN MUCHIN ROSENMAN LLP

                                             By: /s/ John P. Sieger
                                             John P. Sieger (ARDC No. 6240033)
                                             Peter A. Siddiqui (ARDC No. 6278445)
                                             Paige E. Barr (ARDC No. 6282474)
                                             KATTEN MUCHIN ROSENMAN LLP
                                             525 West Monroe Street

---

[4] The Applicant's May and June 2012 Monthly Fee Application incorrectly listed Cdn$543.73 for sales tax and total expenses of Cdn$629.25. The correct amount of Cdn$507.72 for sales tax and total expenses of Cdn$614.72 for May and June 2012 is reflected in the Final Application.

7

Chicago, Illinois 60661-3693
Telephone: (312) 902-5200
Facsimile: (312) 902-1061
John.Sieger@kattenlaw.com
Peter.Siddiqui@kattenlaw.com
Paige.Barr@kattenlaw.com

*Counsel to the Debtors and Debtors in Possession*

8