IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HARTFORD COMPUTER HARDWARE, INC., et al.,[1] | ) ) ) | Case No. 11-49744 (PSH) (Jointly Administered) |
| | ) | |
| Debtors. | ) | Hon. Pamela S. Hollis |

**ORDER GRANTING SECOND INTERIM AND FINAL FEE APPLICATION OF THORNTON GROUT FINNIGAN LLP, FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS SPECIAL COUNSEL TO THE DEBTORS FROM DECEMBER 12, 2011 THROUGH NOVEMBER 14, 2012**

This matter coming before the Court on the Second Interim and Final Fee Application of Thornton Grout Finnigan LLP, as Special Counsel to the Debtors, for Allowance of Compensation and Reimbursement of Expenses for the Period From December 12, 2011 to November 14, 2012 (the "Final Application," capitalized terms used herein shall have the meaning given to them in the Final Application); the Court having reviewed the Final Application and the Affidavit of John Porter in support thereof; the Court having found that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) venue is proper in this district pursuant to 28 U.S.C. § 1408 and 1409, (c) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (d) notice of the Final Application having been sufficient under the circumstances; and the Court having determined that the legal and factual basis set forth in the Final Application establish just cause for the relief granted herein;

IT IS HEREBY ORDERED as follows:

1.   The Final Application is GRANTED as set forth herein.

2.   All objections to the Final Application or the relief requested therein that have not been made, withdrawn, waived, or settled, and all reservations of rights included therein, hereby are overruled on the merits.

3.   Notice of the Final Application was proper, timely, adequate and sufficient under the particular circumstances.

4.   The compensation requested in the Application is fair and reasonable given: (a) the complexity of these Chapter 11 Cases; (b) the time expended; (c) the nature and extent of the services rendered; (d) the value of the services rendered; and (e) the costs of comparable services other than in a case under title 11 of the United States Code.

---

[1] The Debtors are Hartford Computer Hardware, Inc. (FEIN 27-4297525), Old NS, LLC f/k/a Nexicore Services, LLC (FEIN 03-0489686), Hartford Computer Group, Inc. (FEIN 36-2973523), and Hartford Computer Government, Inc (FEIN 20-0845960).

1

5.    The expense reimbursement sought in the Final Application represents actual and necessary expenses incurred by the Applicant in connection with these Chapter 11 Cases.

6.    The Applicant's total case fees requested for final approval in the amount of Cdn$95,671.08 on account of the services provided to the Debtors are allowed.

7.    The Applicant's total case expenses reimbursement requested for final approval in the amount of Cdn$6,625.65 on account of expenses incurred in connection with services rendered to the Debtors are allowed.

8.    The Debtors are authorized and directed to promptly pay the Applicant all fees and expenses approved herein but not previously paid.

9.    The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this order.

Entered:

Dated: JAN 2 2 2013

United States Bankruptcy Judge

**Prepared by:**
John P. Sieger (ARDC No. 6240033)
Peter A. Siddiqui (ARDC No. 6278445)
Paige E. Barr (ARDC No. 6282474)
KATTEN MUCHIN ROSENMAN LLP
Rev: 20110603_bko
525 West Monroe Street
Chicago, Illinois 60661-3693
Telephone: (312) 902-5200
Facsimile: (312) 902-1061
John.Sieger@kattenlaw.com
Peter.Siddiqui@kattenlaw.com
Paige.Barr@kattenlaw.com
Counsel to the Debtors and Debtors in Possession